11-3961-cr
United States v. Peralta

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of November, two thousand twelve.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,

                          *Circuit Judges*.

――――――――――――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

                          *Appellee*,

                -v-                                              11-3961-cr

FRANCISCO PERALTA,

                          *Defendant-Appellant*.

――――――――――――――――――――――――――――――――――――――――

Appearing for Appellant:     Louis M. Freeman, Freeman, Nooter & Ginsberg, New York, NY

Appearing for Appellee:      Jason B. Smith, Assistant United States Attorney, (Brent S. Wible, Katherine Polk Failla, Assistant United States Attorneys), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY


Appeal from the United States District Court for the Southern District of New York (Castel, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant, Francisco Peralta ("Peralta") was charged with Count One of conspiracy to distribute and possess with the intent to distribute at least five kilograms of cocaine, in violation of Title 21, United States Code, Section 846; Count Two of attempting to distribute and possess with intent to distribute at least 500 grams of cocaine on October 8, 2008, in violation of Title 21, United States Code, Section 846; and Count Three of attempting to distribute and possess with intent to distribute at least 500 grams of cocaine from October 8, 2008 through January 28, 2009, in violation of Title 21, United States Code, Section 846. The jury found Peralta guilty of Counts One and Three but not Count Two and returned a special verdict as to Count One, finding that the conspiracy involved at least 500 grams, but not five kilograms or more of cocaine. Petitioner now appeals from his September 16, 2011 sentencing by Judge Kevin Castel in the Southern District of New York. On appeal, appellant asserts that the sentence was improper because the district court inappropriately double-counted drug amounts when it aggregated the amounts involved in the October 8, 2008 and January 28, 2009 attempted transactions. Peralta contends the two kilograms involved in the October 8, 2008 attempted transaction must be deemed part of the four kilograms involved in the January 2009 attempted transaction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

A district court's determination of the relevant drug quantity for sentencing purposes is a factual finding this Court reviews for clear error. *United States v. Jones*, 531 F.3d 163, 176 (2d Cir. 2008).

"Where there is no drug seizure or the amount seized does not reflect the scale of the offense," the Guidelines direct courts to "approximate" the quantity of the controlled substance. U.S.S.G. Section 2D1.1. This Court has found that "direct or circumstantial" evidence may be used to support a district court's preponderance determination as to "drug quantity." *United States v. Jones*, 531 F.3d at 175 (2d Cir. 2008). Defendant contends that the drugs involved in the aborted October 8 transaction should be deemed the same drugs as were involved in the January 28 transaction, so that the court erred in adding the two quantities together. *See e.g. United States v. Spencer*, 4 F.3d 115, 123 (2d Cir. 1993) (remanding case for resentencing where district court inappropriately double counted the same amount of drugs by adding the amount produced with the amount distributed where there was no evidence defendant distributed any drugs other than those he manufactured). We disagree.

We should affirm the district judge's sentence because there was no double-counting. Here, the evidence showed that the drugs counted from the October 8, 2008 transaction were distinguishable from the drugs offered for sale in the January 28, 2009 transaction, being (1) a different amount of drugs, (2) from a different drug dealer, and (3) offered for sale nearly three months prior to the January transaction. Therefore, unlike in *Spencer*, there was no double-counting here. *Spencer*, 4 F.3d at 123. The court appropriately considered the two transactions separate and distinct from one another.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk